**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD J. BOHANA, | No. 08-56855 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-03037-AHM-MAN |
| v. | |
| TOM E. VAUGHN, Warden of the California State Prison at Chuckawalla Valley and JEANNE S. WOODFORD, Director California Department of Corrections, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted July 12, 2010[**]
Pasadena, California

Before: FARRIS, HALL and SILVERMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Donald J. Bohana appeals the district court's denial of his 28 U.S.C. § 2254 petition. Bohana was convicted of second degree murder in California state court. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm the district court and decline to expand the certificate of appealability.

We review de novo a district court's denial of a habeas petition. *Mendez v. Knowles*, 556 F.3d 757, 767 (9th Cir. 2009). We must deny the petition unless the state court's decision was "either (1) contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the Untied States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

Bohana argues that his trial counsel provided ineffective assistance. To show ineffective assistance of counsel, the defendant must first show that counsel's performance was deficient and that it prejudiced the defense . *Strickland v. Washington*, 466 US. 668, 687 (1984). Deficient performance is when "counsel's trial performance [is] objectively unreasonable 'under prevailing professional norms' and under 'all the circumstances' of the particular case." *Pinholster v. Ayers*, 590 F.3d 651, 664 (9th Cir. 2009) (en banc) (quoting *Strickland*, 466 U.S. at 687-88).

Bohana argues that his trial counsel, Mr. Braun, was deficient for failing to investigate alternative defenses and for failing to inform and advise him of the alternative defenses. We have held that "defense counsel must, 'at a minimum, *conduct a reasonable investigation* enabling him to make informed decisions about how best to represent his client.'" *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) (quoting *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994)) (emphasis in original). "A defense attorney's failure to consider alternate defenses constitutes deficient performance when the attorney neither conducts a reasonable investigation nor makes a showing of strategic reasons for failing to do so." *Id.* (quotation marks and citation omitted). However, "[o]nce counsel reasonably selects a defense, it is not deficient performance to fail to pursue alternative defenses." *Id.* at 807 (citation omitted).

Braun's performance was not deficient. In previous cases where we found counsel ineffective for failing to investigate and present alternative defenses, the defenses selected were not viable and there were multiple witnesses that counsel failed to investigate who would have easily yielded contradictory evidence to the selected defenses. *See Johnson v. Baldwin*, 114 F.3d 835, 839 (9th Cir. 1997); *Phillips v. Woodford*, 267 F.3d 966, 978 (9th Cir. 2001); *Rios*, 299 F.3d at 806; *Sanders*, 21 F.3d at 1455. Here, there were no witnesses that Braun could have

3

interviewed who would have contradicted Bohana's story. Braun read the police reports, discussed with Bohana his version of the events, and also discussed the plausibility of Bohana's story with two experts, Drs. Baden and Egstrom. As Braun aptly pointed out at the state evidentiary hearing, Bohana's story to him was similar to Bohana's story to the police. Braun's consultation with Dr. Baden was consistent with Bohana's story. Given Bohana's insistence that he had not committed any wrongdoing, it was reasonable for Braun to believe Bohana's story and use it. *See Bean v. Calderon*, 163 F.3d 1073, 1082-83 (9th Cir. 1998). Furthermore, the viability of the defense selected bears on the reasonableness of counsel's actions. *Turk v. White*, 116 F.3d 1264, 1267 (9th Cir. 1997). Braun's selected defense was strong and not "incredibly lame." *See Johnson*, 114 F.3d at 838.

Bohana's contention that he was not consulted about any alternative defense is in conflict with the record. Braun did consult with Bohana about the alternate defense of manslaughter based on an altercation theory. Bohana rejected approaching the prosecution with a manslaughter plea. He consistently maintained that it had been a rescue situation and he was innocent. Braun reasonably chose to present the rescue defense . As there was no deficient performance, we need not consider the prejudice prong.

Bohana seeks to expand the certificate of appealability to include two uncertified issues. To expand a COA "[a] habeas petitioner's assertion of a claim must make a substantial showing of the denial of a constitutional right." *Mendez*, 556 F.3d at 770 (quotation marks and citation omitted). Bohana has not done this. Trial counsel's decisions not to call the experts to testify and not to seek a involuntary manslaughter jury instruction were both strategic choices, which are "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

AFFIRMED.